UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EZRA T. TESSEMA,

    Plaintiff,

v.                                           Case No: 8:16-cv-1159-T-30TBM

VETERANS HEALTH
ADMINISTRATION,

    Defendant.
_____

## ORDER

THIS CAUSE is before the Court on Plaintiff Ezra Tessema's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Summary Judgment (Dkt. 4). Having reviewed these filings and the applicable law, the Court concludes that Plaintiff has not stated a claim for habeas relief. The Court therefore lacks jurisdiction. Plaintiff's petition will be denied.

## DISCUSSION

Plaintiff is a United States military veteran and a psychiatric patient at a Department of Veterans Affairs' hospital in Tampa, Florida. According to his complaint, Plaintiff resides in an assisted-living apartment facility and receives outpatient care from the VA, care that includes "inhumane electro-convulsive treatment." Dkt. 1, p. 3. Plaintiff claims that his treatment has been forced upon him by operation of Florida's "Baker Act," Fla. Stat. §§ 394.451-394.4782, which authorizes court-ordered outpatient mental-health treatment if specific criteria are met. *See* Fla. Stat. § 394.4655. Plaintiff alleges that he does not meet the criteria, and he wants to be released from his treatment.

The federal habeas corpus statute, 22 U.S.C. § 2241, "is the statutory grant of authority to federal courts to issue the writ when certain jurisdictional prerequisites are satisfied." *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1328 (11th Cir. 2010). One of those prerequisites is "custody," and just as this Court concluded in a similar petition Plaintiff filed a few months ago, Plaintiff has failed to demonstrate that he is in custody as that term is defined in the habeas context. *See Tessema v. United States Dept. of the Navy, et al*, No. 8:16-cv-359-T-33MAP (M.D. Fla. Mar. 10, 2016) (Covington, J.). Custody is most commonly satisfied by a petitioner's imprisonment, but it may also be satisfied in other circumstances. *See id.* (citing *Wales v. Whitney*, 114 U.S. 564, 571 (1885) ("wives restrained by husbands, children withheld from the proper parent or guardian, persons held under arbitrary custody by private individuals, as in a mad-house, as well as those under military control")). The test is whether there is a "significant restraint on the petitioner's liberty." *Id.* (quoting *Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) (internal citations omitted)).

As the Court has already concluded, Plaintiff fails this test. *See Tessema*, No. 8:16-cv-359-T-33MAP. He lives in an assisted living apartment complex, and his petition attests to "the relative physical mobility afforded by the assisted outpatient commitment." Dkt. 1, p. 3. Plaintiff has not established that he is in custody.[1] Without that prerequisite, the Court lacks jurisdiction, and the petition must be denied on those grounds alone.

---

[1] The Court reaches this conclusion by having evaluated the merits of Plaintiff's petition. The conclusion might also be necessary as a matter of issue preclusion, which holds that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."

2

Additionally, even if Plaintiff were in custody, he would be in custody by operation of state law, specifically Florida's Baker Act. The Baker Act authorizes those involuntarily placed in a medical treatment program to petition state courts for habeas relief. *See* Fla. Stat. § 394.459. Plaintiff alleges that he is one such involuntarily placed individual, but he has not alleged that he exhausted this state law remedy. Until he does, this Court may not entertain his petition. *See* 28 U.S.C. 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State . . . .").

Indeed, it appears that, as this petition has been pending, so has a Florida state court petition in which Plaintiff seeks the same relief he seeks here. *See Tessema v. VA Mental Hospital Appointed Guardians*, No. 16-CA-4844 (Fla. Cir. Ct.). In light of that petition—to a state court, regarding the operation of a state law—considerations of federalism and comity would counsel the Court against entertaining Plaintiff's petition even if the Court had jurisdiction. *See TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

For these reasons, it is ORDERED AND ADJUDGED that:

---

*Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Custody" was undoubtedly necessary to Judge Covington's judgment; the question would be whether Plaintiff's petition constituted a fair chance to litigate the issue.

1. Plaintiff's Petition for a Writ of Habeas Corpus (Dkt. 1) is DENIED.

2. Plaintiff's Motion for Summary Judgment (Dkt. 4) is DENIED as moot.

3. The Clerk is directed to close this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record